THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALICE ROHAN, PHYLLIS BOBST, PATRICIA KING, MARLAINE KLINE, and JUNG SUGGS,<br><br>Plaintiffs,<br><br>v.<br><br>KMART CORPORATION, KMART MANAGEMENT CORPORATION, KMART OF WASHINGTON, L.L.C., JAMES A. MAJOR, and DOES 1 through 5, inclusive,<br><br>Defendants. | No. CV05-5389RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Defendants to respond to Plaintiffs' Fifth Request for Production of Documents and Plaintiff Rohan's Third Interrogatories [Dkt. #23]. Plaintiffs seek statistical data from all employees of Defendant KMART's Vancouver store from January 1, 2001 to December 31, 2005, the years Defendant Major was the store manager at Defendant KMART's Vancouver store, in order to show a pattern or practice of discrimination. Defendants seek entry of a Protective Order on the grounds that the discovery of these documents and information is overly broad and invasive.

Plaintiffs seek to establish intentional discrimination on the Defendants' part. FRCP 26(b)(1) states that, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Defendants argue that the 2000 Amendments to FRCP served to narrow the scope of discovery so that requests such as this one should be excluded. The purpose of the amendment was to

ORDER

1  "establish a national uniform practice," and narrows the scope, "to cover only information that the
2  disclosing party may use to support its position." Any relevant information may be used to support a
3  party's position. As noted in Defendant's Opposition, the relevancy standard for purposes of discovery is
4  most often defined to include information that appears reasonably calculated to lead to the discovery of
5  admissible evidence. The Court agrees with Plaintiffs' analysis that an employer's past discriminatory
6  practice may well illustrate the employer's asserted reasons for disparate treatment; as a pretext for
7  intentional discrimination. *Ratcliff v. Governer's Highway Safety Program,* 791 F.2d 384, 402 (5th Cir.
8  1986) (citing *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 358 n.44, 97 S.Ct. 1843,
9  1866 n. 44, 52 L.Ed.2d 396 (1977); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05, 93 S.Ct.
10 1817, 1825-26, 36 L.Ed.2d 668 (1973)).

11       Although Defendants allege that statistics from other employees in the company, including those in
12 positions not comparable to Plaintiffs, are not relevant or discoverable, Plaintiffs instead seek to establish a
13 pattern of discrimination and note that statistical evidence can create an inference of intent in discrimination
14 claims. In the Complaint, Plaintiffs alleged the reason for the termination and demotions was
15 discriminatory because of their ages, gender, race, and disability. The documents and information
16 requested are relevant to and supports Plaintiffs' claims. Liberal discovery rules best serve justice by
17 giving both parties the maximum amount of information with which to prepare their cases. *Taylor v*
18 *Illinois*, 484 U.S. 400, 412 n. 16, 108 S. Ct. 646 (1988).

19       Plaintiffs' Motion to Compel is **GRANTED** and Defendants' request for Protective Order is
20 **DENIED**. Plaintiffs' Motion to Strike Defendants' Reply to Cross Motion For Protective Order [Dkt.
21 #39] is **DENIED**. With respect to Plaintiffs' Fifth Request for Production of Documents and Plaintiff
22 Rohan's Third Interrogatories Defendant KMART is ordered to respond within 10 days.
23       **IT IS SO ORDERED**.
24       DATED this 1st day of June, 2006.
25
26
27                              RONALD B. LEIGHTON
28                              UNITED STATES DISTRICT JUDGE

ORDER